**BETHLEHEM MINES CORPORATION, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent,**

**and**

**Ann Simila, widow of Stanley J. Simila, Respondent.**

**No. 84–3722.**

United States Court of Appeals, Third Circuit.

Argued June 18, 1985.
Decided July 1, 1985.

◈⇒13

John J. Bagnato (Argued), Spence, Custer, Saylor, Wolfe & Rose, Johnstown, Pa., for petitioner.

Jeffrey J. Bernstein (Argued), Atty., U.S. Dept. of Labor, Francis X. Lilly, Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Washington, D.C., for the Director, Office of Workers' Compensation Programs.

Timothy P. Creany (Argued), Blair V. Pawlowski, Pawlowski, Long, Creany & Tulowitzki, Ebensburg, Pa., for United Mine Workers of America District # 2 (Ann Simila).

Before ADAMS, HUNTER, Circuit Judges, and FISHER,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

This petition for review of a final decision of the Benefits Review Board ("BRB")

* Honorable Clarkson S. Fisher, United States District Judge for the District of New Jersey, sitting by designation.

1. Although the Director takes the same position as the petitioner, Mrs. Simila is actively pursuing her claim for prejudgment interest. There-

of the Department of Labor presents the question whether persons who prevail on claims filed before January 1, 1982 for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–962 (1982), are entitled to prejudgment interest. The Board has taken the position that prejudgment interest is required by the Act, and awarded it to the claimant here, Ann Simila. Petitioner Bethlehem Mines Corporation, supported by the Director of The Office of Workers Compensation Programs ("OWCP"), Department of Labor [1], asks that we vacate the award of prejudgment interest. We agree with Bethlehem and the Director that under applicable regulations, Bethlehem was not liable for prejudgment interest, and will therefore grant the petition for review.

In February 1979, Ann Simila filed her claim with the OWCP, seeking benefits as surviving widow of Stanley J. Simila. Mr. Simila had been employed as a miner for Bethlehem, and had died in 1978 of pneumoconiosis, or black-lung disease. On September 21, 1979, the Deputy Commissioner of the OWCP made an initial determination that Bethlehem was liable for the benefits claimed by Mrs. Simila. Bethlehem contested this determination. In January 1981, after a formal hearing, an administrative law judge ("ALJ") of the OWCP ordered Bethlehem to pay the contested benefits, as well as interest computed from January 1, 1974, the date that the ALJ found that Mr. Simila had become entitled to benefits. Bethlehem sought review of the ALJ's decision with the BRB, which on September 18, 1984 issued its final order affirming the ALJ's decision. In its petition for review, Bethlehem contests only the award of prejudgment interest.

Prior to January 1, 1982, the Black Lung Benefits Act was silent on the question of

fore, unlike our prior case of *Greenwich Collieries v. Director, OWCP,* 732 F.2d 343 (3d Cir. 1984), where the claimant took no position on the prejudgment interest issue, this case presents a live controversy and is not moot.

prejudgment interest. However, a regulation promulgated by the Secretary of Labor provided that

> an operator or other employer [that] fails to pay any or all benefits due under the terms of an initial determination by a deputy commissioner ... shall be liable for 6 percent simple annual interest on all past due benefits computed from the date on which such benefits were due and payable ....

20 C.F.R. § 725.608(a) (1978), *amended by* 20 C.F.R. § 725.608(a) (1984).[2] Although a miner afflicted by black-lung disease is eligible for benefits from the date of the onset of his disability, 20 C.F.R. § 725.503(b), an employer is not obliged to begin making payment of retroactive benefits until thirty days after an initial determination of liability has been made. *Id.* § 725.522(a) (1984). Bethlehem and the Director therefore argue that § 725.608(a) provided only that an employer that had not begun making payments by the thirtieth day after an initial eligibility determination would be liable for interest computed from that day. The BRB, however, has taken the position that § 725.608(a) provided that interest on retroactive benefits would be computed from the onset of the claimant's disability, when his entitlement first arose. *See Kuhar v. Bethlehem Mines Corp.*, 5 B.L.R. (MB) 1–765 (BRB 1983), *vacated in relevant part sub nom. Bethlehem Mines Corp. v. Director*, OWCP, No. 83–3226 (3d Cir. August 12, 1983).

 Congress has delegated rule-making powers under the Black Lung Benefits Act to the Secretary of Labor. 33 U.S.C. § 932(a). The Secretary has redelegated all his powers under the Act to the Director. The BRB, by contrast, is merely an adjudicatory tribunal, and Congress has conferred upon it no authority to make rules or formulate policy. 30 U.S.C. § 932(a) (incorporating by reference 33 U.S.C. § 921(b)). *See Potomac Electric Co. v. Director, OWCP*, 449 U.S. 268, 278

n. 18, 101 S.Ct. 509, 514 n. 18, 66 L.Ed.2d 446 (1981). Thus the BRB's interpretations of the statutes and regulations that control its decisions are "not entitled to any special deference from the courts." *Potomac*, 449 U.S. at 278 n. 18, 101 S.Ct. at 514 n. 18. But, because the Director is the Secretary's delegate with respect to the Black Lung Act, we will generally defer to his interpretation of the Secretary's regulations under it unless it is " 'plainly erroneous' or inconsistent with the regulation.' " *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965) (quoting *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945)).

 The Director's interpretation of § 725.608(a) is neither plainly erroneous nor inconsistent with the regulation. The regulation states that interest on "past-due" black-lung benefits is to begin accruing when those benefits are "due and payable." By the terms of § 725.522(a), the interpretation and validity of which is not questioned, black-lung benefits are not due from an employer until thirty days after an initial determination of liability has been made. The Director's position that § 725.608(a) provides for interest on black-lung benefits to begin accruing thirty days after an initial liability determination merely restates the plain meaning of the regulation.

The BRB's *Kuhar* rule, which interprets § 725.608 to provide for interest to begin accruing at the onset of the claimant's disability, is therefore at odds with the plain meaning of the regulation. In *Kuhar*, however, the BRB held that the Director's interpretation of § 725.608(a) was inconsistent with the compensatory policies of the Act, reasoning that unless interest accrues on benefits from the date that the miner became eligible for them, he will not be made whole. To reach this holding the BRB relied exclusively upon precedent and policies under the Longshoremen's and

---

**2.** The Act and the pertinent regulation now expressly provide that for claims filed after January 1, 1982, interest on payments of retroactive benefits withheld by employers pending review of initial determinations of liability shall begin to accrue 30 days after the initial determination. *See* 30 U.S.C. 932(d) (1982); 20 C.F.R. § 725.608(a) (1984).

Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950 (1982), which the Black Lung Benefits Act incorporates in part by reference. *See* 30 U.S.C. § 932(a). There are, however, important differences between the Black Lung Benefits Act and the LHWCA. While an employer is not required to make payments on a claim under the Black Lung Benefits Act until thirty days after the initial determination of liability, an employer must begin paying benefits under the LHWCA on the fourteenth day after it has "knowledge" of the injury or death of an employee. 33 U.S.C. § 914(b). Moreover, as BRB Administrative Appeals Judge Kalaris noted in her dissenting opinion in *Kuhar,* there is a fundamental difference between the injuries compensable under the LHWCA and those compensable under the Black Lung Benefits Act. The on-the-job injuries that the LHWCA covers will generally be of a traumatic nature, so that it can be presumed that employers will have prompt notice of them. Black-lung disease, however, is non-traumatic and has an insidious onset, so that the symptoms may not be manifest until years after the miner has been exposed to coal. *See* 5 B.L.R. at 1–782—1–783. This difference vitiates the force of the equitable principles invoked by the BRB in *Kuhar* and by Mrs. Simila here in favor of awards of prejudgment interest under the Black Lung Benefits Act. We therefore find the BRB's reasons for rejecting the Director's interpretation of § 725.-608(a) to be unpersuasive.

In sum, we hold that the Director is correct in maintaining that interest on black-lung benefits awarded on claims filed before 1982 does not begin to accrue until thirty days after an initial determination of liability has been made. In this case, the BRB assessed interest payments as of January 1, 1974, the day that Mr. Simila became eligible for benefits. But the initial determination of liability was not made until September 21, 1979, and hence Bethlehem is responsible only for interest from October 21, 1979. We will therefore grant the petition for review, and vacate the BRB's order insofar as it awards interest to Mrs. Simila for the period prior to October 21, 1979.